UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUAN VAN TRAN,<br><br>                      Petitioner,<br><br>v.<br><br>KRISTI NOEM, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, ATTORNEY GENERAL; TODD LYONS, ACTING DIRECTOR OF IMMIGRATION AND CUSTOMS ENFORECEMENT; JESUS ROCHA, ACTING FIELD OFFICE DIRECTOR, SAN DIEGO FIELD OFFICE, CHRISTOPHER LAROSE, WARDEN OF OTAY MESA DETENTION CENTER,<br><br>                      Respondents. | Case No.: 25-cv-2334-JES-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING TEMPORARY RESTRAINING ORDER; and**<br><br>**(2) SETTING BRIEFING SCHEDULE AND HEARING FOR PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 8]** |

      Before the Court is Petitioner's Motion for a Temporary Restraining Order ("TRO"). ECF No. 8. Petitioner filed the original Petition for Writ of Habeas Corpus on September 8, 2025, and his subsequent application for a TRO on September 22, 2025. ECF Nos. 1, 8.

Petitioner filed an Amended Petition on September 23, 2025. ECF No. 10. Respondents filed their response on September 24, 2025. ECF No. 13.

On September 26, 2025, the Court held a hearing on the Petitioner's Application for a TRO and his Amended Petition. ECF No. 14. For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part Petitioner's Application for a TRO. The Court **ORDERS** that Petitioner be released from custody under the terms and conditions of his prior Supervised Release.

Finding need for further briefing from both parties on emerging issues of law and fact, the Court does not rule on Petitioner's Petition for Writ of Habeas Corpus at this time. The Court **ORDERS** a subsequent hearing on Petitioner's Petition for Writ of Habeas Corpus for **October 14, 2025**. Respondents shall submit supplemental briefing by **October 3, 2025**. Petitioner may file an optional traverse by **October 10, 2025**. The Court also **ORDERS** that Petitioner not be removed to a country other than Vietnam prior to the hearing on **October 14, 2025**, to preserve jurisdiction in this case.

## I.   BACKGROUND

Petitioner is a Vietnamese citizen who came to the United States with his family in 1980. ECF No. 10 at 2. He was admitted as a lawful permanent resident on July 23, 1980. ECF No. 13 at 2. At the age of 18, he was convicted of murder during a robbery, and served a substantial sentence. ECF No. 10 at 2. He was placed in removal proceedings after his incarceration as a result of his conviction, and was ordered removed on June 20, 2017. ECF No. 10 at 2, 3.

The government has not yet effectuated Petitioner's removal due to Vietnam's policy of not accepting pre-1995 Vietnamese immigrants for deportation. ECF No. 10 at 3. Petitioner was detained for about 9 months during initial efforts to remove him. *Id.* Petitioner cooperated with ICE in its attempts to remove him, including applying for a travel document and meeting with the Vietnamese consulate. *Id.* The Vietnamese consulate interviewed Petitioner and his family, and found that he had no family remaining in Vietnam. *Id.* Vietnam subsequently refused to accept Petitioner for deportation. *Id.*

Petitioner was released from ICE custody in 2018 after filing a petition for writ of habeas corpus. *Id.* He remained on release for 7 years, attended all check in appointments, and married a U.S. citizen who he supports through her health challenges. ECF No. 10 at 3, 4.

On September 2, 2025, ICE arrested Petitioner at his home. ECF No. 10 at 4. Petitioner states that the arresting agents told him he had always checked in and they hadn't had any problems with him, but they had been ordered to arrest him anyway. *Id.*

The parties dispute the likelihood of Petitioner's removal to Vietnam, and whether the government is likely to remove him to a third country. Petitioner states that Respondent is likely to remove him to a third country and not Vietnam because the Vietnamese consulate made a previous case-specific finding that it would not accept his removal. ECF No. 13 at 7-8. Respondents state that they have recently effectuated the removal of more Vietnamese citizens, and that they expect to have proper documentation to remove Petitioner to Vietnam in the near future. ECF No. 10 at 2.

## II.   LEGAL STANDARD

The legal standard for issuing a TRO is essentially identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Generally, a plaintiff seeking a preliminary injunction must show: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Id.* at 20. "A 'plaintiff [must] make a showing on *all four prongs*' to obtain a preliminary injunction." *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

    The Ninth Circuit also has a "serious questions" test, "a 'sliding scale' variant of the *Winter* test." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024) (quoting *Alliance for the Wild Rockies*, 865 F.3d at 1217). The serious questions test dictates that a plaintiff may still prevail in obtaining a TRO even if they can only show that there are "'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – […] if the 'balance of hardships tips sharply in the plaintiff's favor.'" *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135). Thus, under the serious questions test, a preliminary injunction can be granted if there are (1) serious questions going to the merits, (2) a likelihood of irreparable injury to the plaintiff, (3) a balance of hardships that tips sharply towards the plaintiff, and (4) the injunction is in the public interest. *Flathead-Lolo-Bitterroot Citizen Task Force*, 98 F.4th at 1190 (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135). The party moving for the TRO has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

### III.   DISCUSSION

**A. Jurisdiction**

    As a threshold matter, the Court finds that it has jurisdiction to hear the underlying Petition for Writ of Habeas Corpus and the present application for a TRO. Respondents argue that Petitioner's claims are barred by 8 U.S.C. § 1252(g). ECF No. 13 at 3. Section 1252(g) grants the Attorney General the power to "commence proceedings, adjudicate cases, and execute removal orders" against aliens, and forbids judicial review of "any cause or claim by or on behalf of any alien arising from" such decisions. 8 U.S.C. § 1252(g). In interpreting "arising under" in § 1252(g), the Supreme Court has cautioned against "expansive interpretations" that would cause "staggering results" like rendering prolonged detention claims unreviewable. *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018); *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482-483 (1999).

    Here, Petitioner's claims challenge the constitutionality of his detention, not the core proceedings involved in his removal. ECF No. 10 at 2. Respondents assert that the Court

does not have jurisdiction to hear these claims because they stem from the Attorney General's decision to execute a removal order against him. ECF No. 13 at 4. The Court finds this interpretation of § 1252(g) inconsistent with *Jennings v. Rodriguez* and the history of judicial review of the detention of noncitizens under 28 U.S.C. § 2241. 538 U.S. at 294; *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) (finding the duration of immigration detention reviewable under § 2241); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (finding that the court would have jurisdiction under § 2241 to consider errors of law in immigration detention, including due process violations); *Hernandez v. Session*, 872 F.3d 976, 986 (9th Cir. 2017) (finding that the court had jurisdiction to hear constitutional claims about immigration detention under § 2241 despite the government characterizing the challenge as unreviewable). As other courts in this district have found in similar matters, the Court has jurisdiction to hear Petitioner's claims that his detention is unlawful under 28 U.S.C. § 2241 and to rule on this application for a TRO. *See Alegria Palma v. LaRose*, 25-cv-1942-BJC-MMP, ECF No. 14 (S.D. Cal. Aug. 11, 2025); *Mendez Los Santos v. LaRose*, 25-cv-2216-TWR-MSB, ECF No. 14 (S.D. Cal. Sept. 4, 2025) (granting petition by minute order); *Rokhifirooz v. LaRose*, No. 25-cv-2053-RSH-VET, 2025 WL 2646165 (S.D. Cal Sept. 15, 2025).

### B. Temporary Restraining Order

Petitioner makes three arguments in his application for a TRO: (1) that he must be returned to supervised release because Respondents failed to provide procedural due process in revoking that release; (2) that the Court should prevent Respondents from removing Petitioner to a country other than Vietnam pending this case to preserve jurisdiction over a contested issue; and (3) that the Court should find Petitioner's continued detention is unconstitutional due to the duration of his prior detention and the unlikeliness of his actual removal. ECF No. 8 at 2. The Court **GRANTS** the TRO on the first two bases, but **DENIES** it on the third. The Court will hear further briefing on Petitioner's third claim as it relates to his underlying habeas petition prior to the hearing on his petition on October 14, 2025.

  The *Winter* factors weigh in favor of granting a TRO ordering Petitioner's return to his prior supervised release status on due process grounds. *See Winter*, 555 U.S. at 20. First, Petitioner has a significant likelihood of success on the merits in his claim that he was deprived of a liberty interest without due process. "The essence of due process is the requirement that 'a person in jeopardy of a serious loss [be given] notice of the case against him and the opportunity to meet it." *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) (quoting *Joint Anti-Fascist Comm. v. McGrath*, 341 U.S. 123, 171-72 (Frankfurter, J., concurring). When the government grants an alien supervised release into the country, it creates a liberty interest intimately tied to freedom from imprisonment. *Alegria Palma v. LaRose*, 25-cv-1942-BJC-MMP, ECF No. 14 (S.D. Cal. Aug. 11, 2025) (finding that "continued freedom after release on own recognizance" was a core liberty interest). The government may not subsequently deprive an alien of that liberty interest without due process, meaning notice and an opportunity to be heard and, in DHS's own practices, a showing of some individualized circumstances relating to the alien that justify the deprivation. *Ying Fong v. Ashcroft*, 317 F.Supp.2d 398, 403 (S.D.N.Y. 2004) (internal quotations and citations omitted); *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981).

  Here, Petitioner was previously granted supervised release and met all the conditions of his release. ECF No. 8 at 2. Respondents do not state any individualized change in circumstances regarding Petitioner's supervised released sufficient to meet basic principles of due process. Nor did they provide him with notice and an opportunity to be heard regarding the deprivation of his supervised release. Thus, Petitioner has a significant likelihood of success in his claim that he was deprived of a liberty interest without adequate due process protections in violation of the Due Process Clause. Regarding the second *Winter* factor, Petitioner is likely to be irrevocably harmed by his continued detention without due process because of the hardships on his household during his detention. ECF No. 8 at 4. The balance of equities weigh in favor of granting a TRO because Respondents are not unduly prejudiced by the Court requiring them to comport with due process before detaining Petitioner. Finally, a TRO is in the public interest because the public benefits

from the government being held to its burden of constitutionally adequate notice and opportunity to be heard before depriving individuals of their liberty.

The *Winter* factors also weigh in favor of ordering that Petitioner not be removed to a third country until the Court adjudicates the related due process claims in Petitioner's underlying habeas petition. *See Winter*, 555 U.S. at 20. Petitioner has raised "serious questions going to the merits" regarding the likelihood of his removal to a third country based on Respondents' own policies. *See Shell Offshore, Inc.*, 709 F.3d at 1291; ECF No. 10 at 6. Respondents argue that Petitioner's claim regarding third country removal is unjusticiable because Petitioner has not provided evidence that Respondents intend to remove him to a third country. ECF No. 13 at 3. However, Petitioner provides persuasive evidence that Respondents may not be able to remove him to Vietnam, and that Respondents have a practice of removing individuals who cannot be returned to their country of origin to third countries without notice. ECF No. 10 at 6. Petitioner would be irreparably harmed by removal to a third country while this action is pending because the court would lose jurisdiction to hear his due process claims. The balance of the equities weigh in favor of granting a TRO here because the TRO only prevents Petitioner's removal to a third country during the short period while this action is adjudicated. Further, Respondents state that they intend to remove Petitioner to Vietnam (ECF No. 13 at 3), which they still may effectuate during the pendency of this action if they obtain the proper travel documents. Finally, a TRO blocking Petitioner's removal to a third country while this action is adjudicated is in the public interest because the public benefits from adjudication of constitutional claims in emerging areas such as this on the merits.

At this stage, Petitioner is not entitled to a TRO enjoining his detention based on its duration because he has not shown a sufficient likelihood of success on the merits as to that claim. *See* ECF No. 8 at 8. Under *Zadvydas v. Davis*, the government must show some likelihood that they will be able to effectuate removal if a person has been detained for more than six months following a final order of removal. 533 U.S. at 701. In total, Petitioner has been detained for longer than the presumptively reasonable period of six

months following a final removal order. *Id.*; ECF No. 8 at 9. Petitioner also asserts that removal to Vietnam is unlikely due to a prior case-specific refusal to accept his removal by the Vietnamese consulate. ECF No. 8 at 2. However, Respondents state that, due to political developments, they are now likely to obtain travel documents to Vietnam for Petitioner in the near future. ECF No. 13 at 2. Due to these developments, the Court does not find sufficient basis to grant a TRO enjoining Petitioner's detention based on *Zadvydas* at this time. However, the Court will hear further briefing from each of the parties on the *Zadyvdas* issue and the likelihood of Petitioner's removal to Vietnam prior to the merit hearing on the underlying Petition for Writ of Habeas Corpus.

## IV.   CONCLUSION

For the reasons explained above, the Court **GRANTS** in part and **DENIES** in part Petitioner's application for a TRO. Court hereby **ORDERS** as follows:

1. Respondents are hereby **ORDERED** to release Petitioner from detention and restore his conditions of supervised release prior to detention, with no additional conditions imposed;
2. Respondents are **ENJOINED** from removing Petitioner to a country other than Vietnam prior to the Court's ruling on the merits of his underlying Petition for Writ of Habeas Corpus;
3. The Court's September 22, 2025, stay of Petitioner's removal is **LIFTED** as to Vietnam, such that Petitioner may be removed to Vietnam during the pendency of this action;
4. The Court **ORDERS** a hearing on the remaining issues in this matter on **October 14, 2025,** at 10:00 a.m. in Courtroom 4B;

//
//
//
//
//

5. Respondents **SHALL** submit supplemental briefing by **October 3, 2025**; and

6. Petitioner **MAY** file an optional traverse by **October 10, 2025**.

    **IT IS SO ORDERED.**

Dated: September 29, 2025

                                            Honorable James E. Simmons Jr.
                                            United States District Judge